### Ernest Glenn WINBOURNE, Plaintiff-Appellee,

### v.

### EASTERN AIRLINES, INC., Defendant-Third Party-Plaintiff Appellant,

### United States of America, Third Party Defendant-Appellant.

### No. 83–3109.

### United States Court of Appeals, Fifth Circuit.

### Aug. 9, 1984.

---

Deutsch, Kerrigan & Stiles, Francis G. Weller, Marc J. Yellin, New Orleans, La., for Eastern Airlines.

Tara C. Neda, Dept. of Justice, Aviation and Admiralty Section, Washington, D.C., for U.S.A.

Perez, Fernandez, Seemann & Egan, Manuel Fernandez, Chalmette, La., Frederick Seemann, Lafayette, La., for plaintiff-appellee.

Before REAVLEY, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

The wife and two daughters of Ernest Glenn Winbourne died in the crash of an Eastern Air Lines plane in 1975. Liability is conceded by Eastern and by the United States, the employer of air traffic controllers assumed to have been negligent. The district court awarded total damages of $1,010,610.24. Of this, Eastern's liability is limited to $225,000 under terms of the Warsaw Convention and the Montreal Agreement. The United States' liability is therefore $785,610.24.

Eastern appealed the award of interest on the $75,000 per seat limitation, but that issue was decided adversely to Eastern by a panel of this court in *Domangue v. Eastern Air Lines, Inc.*, 722 F.2d 256 (5th Cir.1984).

The United States complains that the amount of the damages is excessive. The district court assessed the damages as follows:

1. $500,000 for the loss of love and affection of plaintiff's wife.

2. $210,610.24 for the economic loss due to his wife's death. There were two components of this economic loss: her teacher's salary and her household services.

3. $150,000 for the loss of love and affection of his 8 year old daughter.

4. $150,000 for the loss of love and affection of his 4 year old daughter.

This award was made by the trial judge in a careful and detailed opinion. The economic loss computations were based on the specific testimony of an economist. The evidence established the unusual nature of this plaintiff's damages in the loss of his family. From a very happy family man, vigorous in his life and work, he became not only a man crushed by sudden tragedy but one who remained lost and disturbed. None of this evidence was rebutted or questioned by the defendant. We cannot upset the district court's damage findings unless we hold them to be clearly erroneous. "Because the assessment of damages for grief and emotional distress is so dependent on the facts and is so largely a matter of judgment, we are chary of substituting our views for those of the trial judge. He has seen the parties and heard the evidence; we have only read papers." *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 783 (5th Cir.1983).

Appellant argues that Louisiana courts have not awarded comparable damages, and in *Caldarera* this court specifically held the sum of $250,000 was the maximum award that could be allowed for the emotional losses arising from the death of the wife.

We cannot judge the justification of damages by mere comparison with the awards upheld or reversed in other cases. Each case presents its own facts. *See Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976). But it is helpful to compare the *Winbourne* and *Caldarera* cases. Peter Caldarera lost his mother, wife and eight year old son. His four year old son remained in his home. While this court placed a $250,000 maximum on emotional loss due to the death of the wife, we did not reduce the total award against the United States, wherein the trial judge had included $400,000 for the emotional loss of the wife. This court affirmed the total damages award of $797,021. That is about

$200,000 less than the Winbourne award. Over half of that differential is represented by lost wages of Mrs. Winbourne, a gifted teacher. This economic loss is not questioned by the United States.

So Mr. Winbourne receives an extra $100,000. But his entire family is gone. He lost his second daughter and has no son. He has no one. Furthermore, the depth of this plaintiff's devotion and identification with his family was unique and unquestioned. We are unable to say that the district judge was clearly erroneous.

AFFIRMED.