SHORTESS, Judge.
Dawn Hanna Lambert (Lambert) was involved in an automobile accident on'February 5, 1991. She and her husband, Ricky Lambert (plaintiffs) sued Thomas Bennett, III, the other driver involved in the accident; Steam & Process Repairs, Inc., Bennett’s employer; and United States Fidelity & Guaranty Company, the liability insurer of Steam & Process Repairs, Inc. (defendants).
Following the accident, Lambert was treated by a neurosurgeon, Dr. Anthony Iop-polo. Plaintiffs have filed a separate suit against Ioppolo alleging he committed malpractice in his treatment of Lambert for injuries she sustained in the accident of February 5, 1991. Defendants obtained leave of court to file an amended answer alleging the fault of Ioppolo and requesting plaintiffs’ recovery be reduced by the percentage of fault *12 of Ioppolo. Subsequently, however, plaintiffs filed a motion to strike the amended answer, which was granted. In addition, the trial court ordered: “The parties shall be prohibited from apprising the jury of the existence of plaintiffs’ claim against Dr. Ioppolo;” and “[t]he jury verdict form shall not allow the jury to apportion fault to Dr. Ioppolo.” This court granted a writ of certiorari to review that ruling.
In Weber v. Charity Hospital, 475 So.2d 1047, 1050 (La.1985), the Louisiana Supreme Court held that a tort-feasor is solidarity liable with a health care provider who negligently treats the plaintiff for injuries sustained in the original accident. Under Louisiana Civil Code article 2324(B), as revised in 1987, the original tort-feasor is solidarily liable with the health care provider only to the extent necessary for the plaintiff to recover 50% of his recoverable damages. Thus, defendants contend the jury must be allowed to quantify Ioppolo’s fault because the extent of plaintiffs’ right to recover depends upon the percentages of fault of the parties involved.
Louisiana Code of Civil Procedure article 1812(C) provides that in “cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to ... whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so ... [t]he degree of such fault, expressed in percentage.” (Emphasis added.) In Gauthier v. O’Brien, 618 So.2d 825, 830 (La.1993), the Louisiana Supreme Court stated that fault must be allocated to all who may be culpable because “[t]rue apportionment cannot be achieved unless that apportionment includes all tort[-]feasors guilty of causal negligence either causing or contributing to the occurrence in question, whether or not they are parties to the case.”[2] The court held that failure to submit a special interrogatory to the jury to determine the fault, if any, of a third party in accordance with article 1812 constitutes error. Gauthier, at 831.
In light of the supreme court’s directive in Gauthier, we find the trial court committed legal error in prohibiting the defendants from apprising the jury of the plaintiffs’ claim against Ioppolo and in refusing to allow the jury to apportion Ioppolo’s fault. Accordingly, we reverse the order of the trial court granting the motion to strike and reinstate defendants’ amended answer. Costs of this application are assessed to plaintiffs.
WRIT GRANTED AND MADE PEREMPTORY.

. The court was quoting from Pocatello Ind. Park Co. v. Steel West, Inc., 101 Idaho 783, 621 P.2d 399, 403 (Idaho 1980).