GONZALES, Judge.
This suit arises from an accident which occurred on January 26, 1989, when plaintiff, Michael Wayne Hoyt, was seriously injured while changing the blades on a woodchipper owned by Jim Luck, d/b/a International Tree Company (hereinafter International). The Woodchipper was purchased by International from the distributor, Goforth Industries, and was manufactured by Wood/Chuck Chipper Corp. Because of a problem with the ignition system of the machine, International took the machine to Margot, Inc., to repair the ignition system. Margot, Inc., installed a new ignition flip switch (or “toggle” switch) to turn the machine on and off in place of the ignition key which had been installed by the manufacturer, Wood/Chuck Chipper Corp. The diesel engine of the machine was manufactured by Perkins Engines, Inc.
Plaintiff sued Wood/Chuck Chipper Corp., Goforth Industries, Margot Inc., and Perkins Engines, Inc. International and its insurer, Houston General Insurance Company, filed a petition of intervention to recover medical expenses and weekly compensation benefits paid to Hoyt. The defendants filed various cross-claims. After trial on the merits, the jury found International 65 percent at fault and Hoyt 35 percent at fault, and assessed damages at just over $1 million. Because International was Hoyt’s employer, International was statutorily immune from suit under La.R.S. 23:1032 (and thus not a named defendant) with the result that although the jury assessed damages, none would be paid to Hoyt.
Hoyt filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial. The trial court granted *506 the motion for judgment notwithstanding the verdict and denied the motion for new trial. The court reapportioned the fault as follows: International, 59.75 percent; Hoyt, 25.25 percent; and Margot, Inc., 15 percent. Hoyt, Margot, Inc., and International are appealing the ruling. At trial, counsel for Hoyt and counsel for International and counsel for Houston General Insurance Company objected to the jury charge which addressed the fault of the employer, International, and to the verdict form which included a section for the percentage of the fault of the employer. This complaint was also assigned as error on appeal.
After the jury verdict form was presented to the bailiff, the court excused the jury and stated:
... I’m sorry to say that [plaintiffs counsel’s] nightmare has occurred. The three defendants have been specified to have zero fault.
As hard as this jury has worked, I do not want to diminish their efforts in any way. Normally, of course, we would read the verdict out in open Court and — I mean, they’ve gone through the whole deal with Wood/Chuck Corporation, zero fault; Perkins Engines, zero fault, Margot, zero fault. Mr. Myron J. Luck, d/b/a International Tree Company or his employees, 65 percent. Mr. Mike Wayne Hoyt, 35 percent. Then they issued — I mean, worked up some substantial damages.
What my concern at this time is — why I’m trying to figure out how to do this is: I don’t want to embarrass this jury by letting them know that all this work essentially was for no effect due to the way the law is with collateral source, Worker’s Comp; they have no way of knowing.
However, the jury did exactly what it was told. It filled out the verdict form completely. There were no instructions to the jury that the last questions on damages did not need answering if there was no percentage of fault found on the part of any of the defendants. On the issue of fault, there were opposing stories between Margot Inc.’s witnesses and International, the employer’s witness. The resolution of this conflict was entirely a credibility call by the jury which they obviously made in favor of Margot. The court assumed that because the jury made a large award to the plaintiff, the jury intended to have him recover some damages.
In its written reasons for granting a judgment notwithstanding the verdict, the court stated:
The court granted a judgment notwithstanding the verdict against the defendant Margot for two reasons. The Court believes Margot was at fault, and also believes the jury would have assessed fault against Margot but for a misunderstanding by the jury of the law.
[[Image here]]
The jury during its deliberations asked the Court for further instructions as to the liability of Margot. After consulting counsel for plaintiff and Margot, the Court reread those instructions concerning Margot, intending to convey to the jury the standard by which Margot was to be judged was that of negligence (Strict liability was argued to apply to some defendants.) After the trial, when talking to the jurors before they had an opportunity to talk to anyone else, it became clear to the Court that these instructions were not understood and that a majority of the jurors were under the impression that they could not find Margot at fault, even though they felt that Margot should share some of the blame of this accident. The jury was prepared to assess a percentage of fault against Margot, but it was the Court’s impression that one of the jurors managed to persuade the others that the instructions given by the Court prohibited this. The key point here is that the jury’s decision turned not on whether Margot should be liable, but rather whether the law allowed Margot to be liable.
In any event, whatever the thoughts of the jury, the actual verdict was no fault on the part of Margot. The Court finds this result could not be reached by reasonable persons....
We must reverse the judgment notwithstanding the verdict. There is nothing in the record to show that the jury misunderstood the law.
Based on the above quoted written reasons the trial court apparently conducted *507 a one man, ex parte, off-the-record inquiry into the validity of the jury verdict. Although the jurors were not called to testify “as to any matter or statement occurring during the course of the jury’s deliberations or to the effect of anything upon his or any other juror’s mind or emotions as influencing him to assent to or dissent from the verdict” [1] as is prohibited by La.C.E. art. 606, the court used their statements as evidence of a jury misunderstanding of the instructions. The court then used the JNOV as a means of correcting what it believed to be a jury misunderstanding of the law. This apparent violation of La.C.E. art. 606 was not assigned as error by any party; however the granting of the JNOV was so assigned. The proper method of correcting such a problem is appeal or new trial.
If we simply reverse the judgment notwithstanding the verdict and do nothing more, we would then be faced with the problem of reviewing the case for manifest error. Here we have two diametrically opposed views of the facts facing us. Margot, Inc., claims it replaced the keyed switch with a toggle switch at International’s request. International claims it simply asked Margot to fix the chipper, and Margot, Inc., decided on its own accord to replace the keyed switch with the toggle switch. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly eiToneous or clearly wrong; therefore, under the standard of review pronounced by Rosell v. ESCO, 549 So.2d 840 (La.1989) and Stobart v. State, 617 So.2d 880 (La.1993), we are powerless to disagree with the view of the evidence which the trier of fact chose to believe. We can no more substitute our judgment for that of the jury than the trial court can. Even though we might agree with the finding of the trial court, we cannot use the appellate review standard to achieve this result; just as the trial court cannot use the JNOV standard, which is higher than the manifest error standard, to achieve what it believed was a fair result. This leaves us in the unfortunate position of having a severely injured plaintiff who was awarded a large damage award by the jury of which he is unable to recover one cent. For this reason, in the interests of justice, we must reverse the denial of the motion for new trial as well as reversing the judgment notwithstanding the verdict, and remand the case for a new trial.[2] Costs are to be split evenly between Hoyt, Margot, Inc. and Houston General Insurance Company.
REVERSED AND REMANDED FOR NEW TRIAL.

. Louisiana Code of Evidence art. 606(B) provides in pertinent part:
Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether any outside influence was improperly brought to bear upon any juror. ...

. Upon retrial, if any fault is found on the part of the employer, the fault will have to be redistributed among the remaining defendants and the plaintiff in proportion to their fault. See Vicky Gauthier v. William O'Brien, Jr., et al., 618 So.2d 825 (La.1993).