629 So.2d 328 (1993)
Dawn Hanna LAMBERT & Ricky Lambert
v.
UNITED STATES FIDELITY & GUARANTY CO., Steam & Process Repairs, Inc. & Thomas Bennett, III.
No. 93-CC-2043.
Supreme Court of Louisiana.
November 19, 1993.
PER CURIAM.
We are called on to decide whether the 1987 amendment to Civil Code article 2324 and this court's recent decision in Gauthier v. O'Brien, 618 So.2d 825 (La.1993) results in a change in this court's holding in Weber v. Charity Hospital of La. at New Orleans, 475 So.2d 1047 (La.1985). In Weber we held that an original tortfeasor may be liable not only for the injuries, he directly causes, but also for the tort victim's additional suffering caused by inappropriate medical treatment by the health care provider who treats the initial injuries. We applied a duty/risk analysis to determine that the actions of the original tortfeasor were a cause in fact of the victim's injuries resulting from the inappropriate medical treatment, and that the duty on the tortfeasor to refrain from causing injury to another encompassed the risk that the tort victim's injuries might be worsened by the treatment for those injuries. We therefore determined that the act of the original tortfeasor was the legal cause of the injuries arising from the subsequent medical treatment. We further concluded that the original tortfeasor's liability for damages that resulted from the inappropriate medical treatment was solidary with the subsequently treating health care provider.
Civil Code article 2324 was amended in 1987 to reduce solidarity among solidary obligors to only the extent necessary for the person suffering injury to recover fifty percent *329 of his recoverable damages. Relator argues that this amendment changes the liability of the original tortfeasor in a Weber-like situation to impose solidarity with the subsequently treating health care provider only to the extent necessary to insure that the tort victim receives fifty percent of his recoverable damages, and that it is therefore necessary to determine each tortfeasors' virile portion by apportioning fault among all solidary tortfeasors. In further support of this position, relator relies on Gauthier where this court stated that "[t]rue apportionment cannot be achieved unless that apportionment includes all tortfeasors guilty of causal negligence ..., whether or not they are parties to the case." Based on the amendment to Civil Code article 2324 and this court's holding in Gauthier, relator argues that the tort victim's rights in a Weber-like case have been changed, and that the original tortfeasor is now solidarily liable with the subsequently treating health care provider only to the extent to insure that the tort victim recovers fifty percent of his recoverable damages.
We disagree. What relator's argument fails to recognize is that in Weber-like cases, the original tortfeasor's liability for 100% of the tort victim's injuries is based on more than the imposition of a solidary obligation between joint tortfeasors; his liability for 100% of the victim's damages results because he is the legal cause of 100% of the victim's harm. The amendment to Civil Code article 2324 has not changed this result. If we accepted the relator's argument, apportionment of fault between the original tortfeasor and the subsequently treating health care provider could relieve the tortfeasor of responsibility for damages for which he is the legal cause and result in the victim receiving less than the full amount of the judgment. We do not agree that the amendment to Civil Code article 2324 dictates a change in the obligation of the original tortfeasor in a Weber-like situation.
This is not to say that the original tortfeasor will ultimately bear the entire tort judgment. The imposition of solidarity between the original tortfeasor and the subsequently treating health care provider in Weber recognized the tortfeasor's right to seek contribution from the health care provider. The action for contribution is still available to the original tortfeasor, and in this action the apportionment of fault is necessary. As between these parties each is liable only for his virile share. This result relieves the tort victim of having to prove which of the two tortfeasors caused specific injuries and appropriately places this burden on the original tortfeasor whose actions are the legal cause of all of the victim's injuries.
For these reasons the decision of the court of appeal is reversed and the judgment of the district court granting the plaintiff's motion to strike the defendant's amended answer is reinstated.
CALOGERO, C.J., and HALL, J., would grant the writ and docket for argument.
LEMMON, J., not on panel.