SHORTESS, Judge.
This case is before us on remand from the Louisiana Supreme Court 620 So.2d 858 “to reconsider the reduction of plaintiffs recovery in the light of Gauthier v. O’Brien,” 618 So.2d 825 (La.1993). The facts of this case are set forth in our original opinion, Crane v. Exxon Corp., U.S.A., 613 So.2d 214 (La.App. 1st Cir.1992). We allocated fault 20% to Darrell Crane (plaintiff); 50% to plaintiffs employer, Merit Industrial Constructors, Inc. (Merit); and 30% to Exxon Corporation (Exxon). We then entered judgment in favor of plaintiff and his co-plaintiffs, Beverly Si-meon Crane and Darrell Herman Crane, for 50% of their damages. We also rendered judgment in favor of the intervenor and cross-claimant for 50% of their claims and assessed costs based on the allocated percentages of fault. We must now determine whether these figures are correct in light of Gauthier.
Gauthier held that the assessment of employer fault was made mandatory by the 1987 amendment to Louisiana Civil Code article 2324(B). 618 So.2d at 831. The Supreme Court expressly overruled its holding in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), that employer fault should not be quantified. However, the court found that the ratio approach which it used in Guidry, where the jury had quantified employer fault, should be used in post-1987 amendment cases.
Using the ratio approach in Guidry, we find the fault of Crane to Exxon to be in a 2:3 ratio. Thus, we must reallot the proportionate fault as 40% to Crane and 60% to Exxon. The judgment must be amended accordingly.
The portion of the judgment regarding the cross-claim is affected by Gauthier only insofar as the award in favor of Exxon on the cross-claim is increased because the judgment against it on the main demand is increased.[1] The assessment of costs in the original judgment is unaffected by Gauthier and remains the same.
For the foregoing reasons, the judgment set forth in our original opinion is amended to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of intervenor, THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, and against defendant, EXXON CORPORATION, in the sum of $44,721.00 (representing the total compensation and medical expenses paid by it of $74,535.00, less a reduction of $29,814.00 (40%) for the proportionate comparative negligence of Darrell Crane), together with legal interest thereon from date of judicial demand until paid, to be paid with precedence and priority to intervenor before any amounts are paid to Exxon by plaintiffs.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, and against defendant, EXXON CORPORATION, in the sum of $561,979.80 (representing his total damages of $936,-633.00 ($350,000.00 general damages, $86,-900.00 past lost wages, and $499,733.00 future loss of income), less a reduction of $374,-653.20 (40%) for the proportionate comparative negligence of Darrell Crane, less a further reduction of $25,455.89[2] for the compen *638 sation payment reimbursement to intervenor out of Darrell Crane’s recovery), together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, BEVERLY SIMEON CRANE, and against defendant, EXXON CORPORATION, in the sum of $30,000.00 (representing her damages for loss of consortium of $50,000.00, less a reduction of $20,000.00 (40%) for the proportionate comparative negligence of Darrell Crane), together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, DARRELL HERMAN CRANE, and against defendant, EXXON CORPORATION, in the sum of $12,000.00 (representing his damages for loss of consortium of $20,000.00, less a reduction of $8,000.00 (40%) for the proportionate comparative negligence of Darrell Crane), together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment on the cross-claim in favor of EXXON CORPORATION, and against MERIT INDUSTRIAL CONSTRUCTORS, INC., in the sum of $324,350.40 (representing 50% of the sums Exxon Corporation is obligated to pay to plaintiffs and intervenor totaling $648,700.80), together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of trial and appeal be allocated 50% to Merit Industrial Constructors, Inc., 30% to Exxon Corporation, and 20% to plaintiffs.
AMENDED, AND, AS AMENDED, AFFIRMED.

. The supreme court recognized in Gauthier that a statutorily immune employer is free to enter into an indemnification agreement with potential third-party tort-feasors, specifically citing Exxon's agreement with Merit in this case. Gauthier v. O’Brien, 618 So.2d at 828 n. 9 (La.1993). Merit’s "allocable share of joint negligence” in this case remains at 50%.

. The intervenor was awarded $44,721.00, representing 60% of $74,535.00. This must be paid from Crane’s award. By deleting the award for *638 past medicals from Crane's award, his recovery was reduced by $19,265.11 (60% of the total medicals of $32,108.51). The remainder of the intervenor’s award, $25,455.89 ($44,721.00 minus $19,265.11) must be deducted from Crane's award.