### Rudy REICHENPFADER

v.

### PACCAR, INC., d/b/a Peterbilt Motors Company.

### Civ. A. No. 92–3669.

United States District Court, E.D. Louisiana.

Nov. 23, 1994.

John A.E. Davidson, Metairie, LA, for plaintiff.

Jerry L. Saporito, Michael D. Sledge, New Orleans, LA, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Rudy Reichenpfader moves this Court for a New Trial and for Judgment as a Matter of Law. Having reviewed the motions, the briefs, the record, and the law, the Court grants the Motion for Judgment as a Matter of Law, and denies the Motion for New Trial.

### BACKGROUND

Rudy Reichenpfader injured his ankle when, during the course of his employment, he jumped down from an eighteen wheeler truck manufactured by Defendant, Peterbilt Motors. He thereafter filed suit against Peterbilt Motors under the Louisiana Product Liability Act, claiming the truck was defective because it did not have an adequate rear platform mounting system. The case was properly removed to this court. After trial, the jury awarded Reichenpfader $15,000 in general damages for pain and suffering, and $4,400 for lost wages, but made no award for Reichenpfader's medical expenses.[1] The jury then assessed fault as follows: ten percent (10%) to Peterbilt Motors, thirty percent (30%) to Reichenpfader, and thirty percent (30%) each to Banalak and Trans Gulf, Inc.[2]

After judgment was entered, Plaintiff filed a Motion for New Trial and a Motion for Judgment Notwithstanding the Verdict.[3] The Court will address the arguments made in these motions in turn.

### LAW AND ARGUMENT

In his Motion for Judgment as a Matter of Law, Reichenpfader contends that the jury did not fairly respond to the evidence because the verdict awarded him compensation for his general damages without also awarding him the medical expenses incurred in connection with his injury. The jury may have improperly included the possibility of double recovery in making its decision not to award special damages to Reichenpfader. Clearly the jury believed that Reichenpfader's expenses were covered by insurance, and that he should not be reimbursed for these costs. However, under Louisiana's "collateral source" rule, an injured plaintiff's tort recovery is not diminished because of insurance benefits received from sources independent of the tortfeasor's procuration or contribution. *Hudson v. Thompson*, 422 So.2d 640 (La.App. 3 Cir. 1982). Therefore, it was improper for the jury to consider whether or not Reichenpfader had insurance to cover his medical expenses. After considering the stipulation of the parties and that these expenses were properly admitted into the record, the Court will, rather than order a new trial on the issue of damages for medical expenses incurred, amend the verdict by increasing the total verdict by the amount of Reichenpfader's medical expenses. *Greenspon v. Supermarkets General Corp.*, 750 F.Supp. 621 (S.D.N.Y.1990); *Jones v. Wal–Mart Stores, Inc.*, 870 F.2d 982 (5th Cir.1989).[4]

Reichenpfader further argues in his Motion for New Trial that the Court erred in letting evidence of Worker's Compensation

---

1. Reichenpfader, Peterbilt Motors, and Guaranty Mutual Life Company had previously stipulated to the authenticity of medical expenses totaling $24,471.63 and weekly worker's compensation benefits totaling $1974.61.

2. The jury allocated fault to these two parties, apparently after finding one of them to be Reichenpfader's employer.

3. Under F.R.C.P. 50, a Motion for J.N.O.V. is now referred to as a Motion for Judgment as a Matter of Law.

4. The Court emphasizes that it is not making an additur; it is merely amending the judgment to reflect the stipulation between the parties as to the worker's compensation benefits.

payments be seen by the jury, thereby causing the jury to refuse to award Reichenpfader his medical expenses incurred in the accident.[5] As the Court has found that Reichenpfader is entitled to an award for his medical expenses, this argument is moot.

■ Next, Reichenpfader asks for a new trial because the general damages award is against the weight of the evidence and inadequate, considering previous awards for similar injuries. An examination of such prior awards is of limited use in assessing the particular damages suffered by this particular claimant under these particular circumstances. *Haley v. Pan American World Airways, Inc.*, 746 F.2d 311 (5th Cir.1984), citing *Reck v. Stevens*, 373 So.2d 498 (La.1979). While comparison with awards in other cases may be helpful, the justification for damages cannot be judged solely by comparison to other cases. See, e.g., *Winbourne v. Eastern Airlines, Inc.*, 758 F.2d 1016 (5th Cir.1984). Thus, Reichenpfader's simply directing this Court's attention to other cases is not persuasive.

■ In our federal system, a trial judge cannot displace a jury's verdict merely because he disagrees with it or would have found otherwise in a bench trial. See, e.g., *Milone v. Moceri Family, Inc.*, 847 F.2d 35 (1st Cir.1988). A new trial is warranted only if the jury verdict is contrary to the clear weight of the evidence, as determined by the court in its exercise of sound discretion. See *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360 (5th Cir.1980). In discussing the jury's damage award, one court aptly stated,

> "The jury, as we see it, is free to run the whole gamut of euphonious notes—to harmonize the verdict at the highest or lowest points for which there is a sound evidentiary predicate, or anywhere in between—so long as the end result does not violate the conscience of the court or strike such a dissonant chord that justice would be denied were the judgment permitted to stand."

*Milone v. Moceri Family, Inc.*, 847 F.2d at 37. In the instant case, Reichenpfader enjoyed an "ideal" recovery, and was able to return to work relatively soon after surgery. He was also able to have the stabilizing hardware removed in an out-patient procedure. The jury, having considered all the evidence of Reichenpfader's injury and recovery, made its award, and this Court unwilling to disturb it.

■ Reichenpfader next contends, as a basis for new trial, that he is entitled to contribution from the intervenor, Guaranty Mutual Life, for his attorney fees and costs incurred in prosecuting this action. That the Court's judgment did not initially specify the amount of this contribution is not grounds for a new trial. See, generally, 25 FedProc, LEd § 58:13, et seq. However, the Court will amend its judgment to order Guaranty Mutual to pay its share of attorney's fees and costs.

■ Reichenpfader is clearly entitled to recover a portion of his attorney's fees from Guaranty Mutual. LSA–R.S. 23:1103. However, as the reasonable legal fee for any recovery cannot exceed one third of the intervenor's recovery for pre-judgment payments or damages, see LSA–R.S. 23:1103(C), it is incumbent upon the Court to calculate Reichenpfader's and Guaranty Mutual's recoveries.

The verdict returned by the jury totaled $19,400. The jury apportioned fault as follows: ten percent (10%) to Peterbilt Motors, thirty percent (30%) to Reichenpfader, and thirty percent (30%) each to Banalak and Trans Gulf, Inc. Following the allocation formula of *Gauthier v. O'Brien*, 618 So.2d 825 (La.1993), the employer's share of fault (30%) was reapportioned, bringing Peterbilt Motors share to 14.28% and Reichenpfader's share to 42.86%. Since the Louisiana Supreme Court in *Gauthier* did not address the question of "Phantom" tortfeasors, this Court is reluctant to allocate the fault of a third party, other than the employer, who is not a defendant in the suit. See, generally, David Robertson, "Solidary Liability in Tort: Un-

---

**5.** Reichenpfader and Peterbilt each accuse the other of putting information about the possibility of worker's compensation payments before the jury.

derstanding *Gauthier* and *Touchard,* Parts One and Two," 41 La.B.J. 334, 1993.

 The award, once medical expenses are added to the verdict, totals $43,871.63. Of this amount, Peterbilt Motors is liable for 14.28%, or $6264.87. The intervenor, Guaranty Mutual, is entitled to be paid in preference and priority to plaintiff's claim pursuant to LSA–R.S. 23:1103, but recovery will be reduced by Reichenpfader's fault. *Crane v. Exxon Corporation, U.S.A., et al.,* 633 So.2d 636 (La.App. 1 Cir.1993). Therefore, Guaranty Mutual's recovery totals $3579.75. The litigation expenses incurred in prosecuting this action total $5247.05.

Returning now to the question of expenses and attorney's fees, Guaranty Mutual's proportionate interest in the recovery is calculated by dividing Guaranty Mutual's recovery ($3579.75) by Reichenpfader's total recovery ($6264.87), totaling 57.14%. See *Taylor v. Production Services, Inc.,* 600 So.2d 63 (La. 1992) and *Moody v. Arabie,* 498 So.2d 1081 (La.1986). After calculation, Guaranty Mutual's share of the litigation expenses is 57.14% of $5247.05, or $2998.16. Next, following the calculation provided in LSA–R.S. 23:1103, Guaranty Mutual owes its proportionate share of one-third of the total recovery to Reichenpfader for attorney's fees incurred in recovering the damages. The calculation is as follows: the total recovery is $6264.87; one-third of that amount is $1881.34; Guaranty Mutual's proportionate share of 57.14% of this fee is $1074.99. To this is added the $2998.16 due by Guaranty Mutual for costs, bringing Guaranty Mutual's total liability to $4073.15. However, Guaranty Mutual is entitled to a credit for any amounts already paid. *Taylor v. Production Services, Inc.,* 600 So.2d 63 (La.1992).

 Finally, Reichenpfader argues that the instruction given by the Court regarding whether the truck had a dangerous characteristic when it left Peterbilt Motors' control created a new defense under Louisiana Product Liability Law. Reichenpfader mistakenly believes that Peterbilt Motors is able to use its order form to exonerate it from liability. Peterbilt Motors is responsible for manufacturing a safe truck, regardless of what options its customers order or do not order.

This Court's instruction did nothing to alter the jury's burden of determining if, in fact, the truck had a dangerous characteristic which rendered it defective in design. Consequently, the Court's instruction on this issue was proper and correct, and not grounds for granting a new trial.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's Motion for New Trial is **DENIED;**

(2) Plaintiff's Motion for Judgment as a Matter of Law is **GRANTED,** and judgment be **AMENDED** to reflect the award of Reichenpfader's medical expenses in the amount of $24,471.63;

(3) Judgment be **AMENDED** to reflect Guaranty Mutual's contribution for Reichenpfader's attorney's fees and costs in the amount of $4073.15; and

(4) The hearing scheduled in this matter on November 16, 1994 is **CANCELED.**