606 So.2d 915 (1992)
Vicky GAUTHIER, Plaintiff-Respondent,
v.
William J. O'BRIEN, et al., Defendants-Applicants.
No. 92-491.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
Writ Granted December 21, 1992.
Walker, Passman & Michiels, J. Morgan Passman, Alexandria, for defendants-applicants.
*916 Darrell D. Ryland, Marksville, Charles A. O'Brien, III, Baton Rouge, for plaintiff-respondent.
Before DOUCET and YELVERTON, JJ., and CULPEPPER,[*] J. Pro Tem.
YELVERTON, Judge.
There are two issues before us. Both come from rulings on motions in limine. The first issue is whether LSA-C.C. 2324 B, as amended by 1987 legislation, now allows consideration of an employer's negligence, when it comes to apportioning fault, in an employee's tort suit against a negligent third party. The trial court granted a motion filed by the plaintiff, Vicky Gauthier, who had sued third parties in tort following an on-the-job injury, ruling that the 1987 legislation did not change the law and that there could be no assessment of fault against Vicky's employer at the upcoming trial. The second ruling was a denial of a motion in limine filed by the defendants. This motion sought to bar the opinion testimony of the investigating police officer regarding the point of impact of the vehicles involved in the accident which caused the on-the-job injury. The trial court ruled that the testimony was admissible.
Writs were applied for attacking both rulings. We granted writs and called the case up for a full review of these two rulings. We affirm the first and reverse the second.

EMPLOYER NEGLIGENCE
Vicky was an employee of Curry Cooper. On the facts alleged, she was in a car driven by Cooper, on the job, when the car was in a collision with a farm tractor owned by William O'Brien and operated by William Pearce. She sued O'Brien and Pearce, and their insurer, Commercial Union Insurance Company, in tort. They third-partied Cooper for an assessment of his percentage of fault.
The question before us is whether La. C.C. art. 2324 now permits the negligence of the statutorily immune Cooper to be considered in apportioning fault in this employee's suit against third-party tortfeasors.
The accident in this case happened after La.C.C. art. 2324 was amended in 1987. As amended, the article reads:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed. Under the provisions of this Article, all parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
C. Interruption of prescription against one joint tortfeasor, whether the obligation is considered joint and divisible or solidary, is effective against all joint tortfeasors. Nothing in this Subsection shall be construed to affect in any manner the application of the provisions of R.S. 40:1299.41(G).
The amended language on which the third-party defendants in the present case rely is *917 from the last sentence of Subsection B: "a joint tortfeasor shall not be solidarily liable with any other person ... regardless of such other person's ... immunity by statute or otherwise."
Before this amendment, the law on this subject was that the worker's compensation principlethe employee-employer bargain in the worker's compensation schemeexcluded the concept of employer fault. Guidry v. Frank Guidry Oil Company, 579 So.2d 947 (La.1991). The worker's compensation law made the employer immune from tort liability and from any exposure to a contribution or indemnity action. La.R.S. 23:1032. In Guidry, the question of whether an employer's negligence could be considered in an employee's suit against a third-party tortfeasor was examined in the light of La.C.C.P. art. 1812. This article of civil procedure allows a jury interrogatory asking, if appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so: whether such fault was a legal cause of the damages, and, if so: the degree of such fault, expressed in percentage. The argument made in Guidry was that C.C.P. art. 1812 authorized consideration of employer negligence. The Supreme Court disagreed. It held that employer negligence could not be considered, because the compensation principle excludes the concept of employer fault. The court explained:
It is not clear that the statutory language was intended to embrace employer fault. Since the statute does not specifically require juries to consider the comparative fault of employers, there is no express legislative directive on the issue. Extending the amendment to employers would violate the compensation principle and cannot be done by implication.
The argument of the third-party tortfeasor appellants in the present case is that the amending language in C.C. art. 2324 B, stating that a joint tortfeasor shall not be solidarily liable with any other person regardless of such other person's immunity by statute or otherwise, is an express legislative directive on the issue. They argue that the law now requires that the employer's negligence, regardless of immunity, should be quantified by the trier of fact, and that a codefendant is liable for only his virile share, subject to a possible increase up to 50%.
We reject this argument. In our opinion new C.C. art. 2324 does not specifically require the trier of fact to consider the comparative fault of employers. Thus, there remains no express legislative directive on the issue. The statutory immunity of employers from tort liability and from any exposure to a contribution or indemnity action is found in the worker's compensation statutes. If the legislature had intended a change in the law, those statutes would have been the best place to clearly and specifically make the change. If we were to extend the amendment to La.C.C. art. 2324 to employers we would be allowing the amendment to violate the compensation principle by implication.
In reaching this decision we have found the views expressed by Professor David W. Robertson, in The Louisiana Law of Comparative Fault: A Decade of Progress (La. Practice Series, Vol. 1), most persuasive. He supports the view that the new Article 2324 affords no basis for using the fault of a fully immune entity to affect the rights of the plaintiff and the defendant vis-a-vis one another. Referring to the contrary view, he writes, at p. 54:
The thinking seems to be that it will be necessary to quantify employer fault in order to avoid a de facto imposition of solidary liability upon the defendant for the immune employer's share.
Such thinking is fallacious. Indeed, it has things precisely backward. The way to avoid a de facto imposition of solidary liability for the immune employer's fault is to refuse to quantify employer fault.
Professor Robertson sees new Article 2324 as correcting the mistake made by some cases of imposing solidary liability on the defendant for the immune employer's share. He does not believe that it should be used to go back in the other direction and impose solidary liability on the plaintiff *918 for the immune employer's share. He says at p. 55:
The suggestion that the new article 2324(B) will mandate quantifying the fault of immune tortfeasors makes too much of the mistake a few pre-amendment decisions made when they effectively attributed employer fault to the defendant. The new article will certainly prevent any recurrence of that mistake. But it is wrong to suggest that the correction requires going overboard in the other direction and using the new article as a basis for routinely attributing the employer's fault to the plaintiff. Instead employer fault should truly be kept from affecting the rights of either plaintiff or defendant. The best way to accomplish that is to refrain from assigning the employer a percentage.
He concludes that the "best results will be achieved under the new article when the fault of employers is simply ignored altogether, i.e., when the trier of fact refrains from assigning a percentage of fault to the immune employer."
The wisdom of Professor Robertson's approach to a resolution of this problem is evident by the example found in the very facts before us.
Vicky was alleged to be a guest passenger in Curry's car. At the trial the jury could conclude that she was free from fault. If so, her percentage allocation would be zero. The third-party defendants would have the fault then allocated to the drivers, Curry, who was Vicky's employer, and/or Pearce, the driver of the tractor. If the fact finder should determine that either driver was 100% at fault, there would be no problem in our case. But, if the fact finder should determine that both were at fault, and if the law is that Vicky can recover from Pearce only the portion of her damages represented by his share of fault or 50%, whichever is greater, then Vicky will suffer a reduction in her recovery in the measure of the fault of her employer. If Curry's fault is irrelevant, that is, if he is totally immune from tort liability, then Vicky, an innocent party, can recover all of her damages.
Balanced against the argument that the third-party tortfeasor winds up paying for the employer's fault, if the latter's fault is disregarded, it is equally true that if the employer's fault is quantified, and the plaintiff's recovery reduced by that proportion, the plaintiff winds up paying for her employer's fault. From a policy standpoint, if a choice has to be made between the lesser of two evils, the choice is clear. The laws governing workmen's compensation and tort damages are both designed to benefit the injured employee. Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La. App. 3rd Cir.1985), writ denied, 481 So.2d 1331 (La.1986). If the choice must be made, the decision must fall on the side that benefits the injured employee.
We find that the amendment to La.C.C. art. 2324 was not intended to require the consideration of a statutorily immune employer's negligence in apportioning fault in an employee's suit against a third party tortfeasor. The trial court was correct in granting plaintiff's motion in limine.

OPINION TESTIMONYPOINT OF IMPACT
The second issue asks us to decide if a state trooper, who is not a reconstruction expert, can express an opinion in his testimony as to the point of impact of two vehicles, when the opinion is based only on debris and gouge marks observed by the trooper when he arrived at the scene of the accident after it occurred. This circuit has recently found on almost identical facts, that the expression of such an opinion by a state trooper was prejudicial error. Ruby Fontenot v. Kenneth Cooper, 599 So.2d 883 (La.App. 3rd Cir.1992). Based on the holding of that case, we reverse the trial court's in limine ruling permitting the trooper to give his opinion in his testimony as to the point of impact. This ruling, of course, presupposes that the trooper will not be testifying as an expert.
For the foregoing reasons, the in limine ruling of the trial court forbidding consideration of the employer's negligence by the jury, is affirmed. The ruling permitting the state trooper to testify as to his opinion *919 of the point of impact is reversed and set aside. The case is remanded for further proceedings. Costs of the proceedings in this court will be shared one-half by the plaintiff and one-half by the third-party tortfeasor-defendants.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
WILLIAM A. CULPEPPER, J. Pro Tem., dissents in part and assigns reasons.
WILLIAM A. CULPEPPER, Judge Pro Tem., dissenting in part:
Pursuant to motions in limine, the trial court held: (1) In an employee's tort suit against a third party the jury cannot be asked whether the employer was at fault, and, if so, in what proportion. (2) A non-expert police officer should be allowed to express an opinion as to the point of impact, from debris and the vehicle locations found after the accident. We granted writs to review these rulings.
The majority affirms No. 1, and reverses No. 2. I can agree as to No. 2, but I disagree as to employer fault.
At issue is the effect of the 1987 amendment to LSA-C.C. art. 2324, which establishes the scope of solidary liability in tort cases. Before 1987, art. 2324 provided that persons whose concurring fault causes injury are solidarily liable, provided however that when the plaintiff is also at fault, a tortfeasor shall not be liable for more than the degree of his fault to a plaintiff whose fault is greater. There was no mention of immunity. The 1987 amendment provides that tortfeasors shall be liable in solido only to the extent 50% of plaintiff's damages, and that otherwise the liability is joint and divisible and not solidary with any other person, "regardless of such other person's ... immunity by statute or otherwise."
In Guidry v. Frank Guidry Oil Company, 579 So.2d 947 (La.1991) the accident occurred before the 1987 amendment, but the Supreme Court opinion was written in 1991, after the 1987 amendment. The court, under facts similar to the present case, held that employer fault was not an issue because of employer immunity, and that therefore the jury could not be asked, under C.C.P. art. 1812 C.(2), to quantify employer fault. Clearly, Guidry is distinguished because the accident there happened before the 1987 amendment. And, even in Guidry there were three dissents.
There is no applicable case from Louisiana appellate courts. However, in Rosskamp v. Phillips Petroleum Co., Civil Action No. 89-4892, Sect. H, U.S.Dist.Ct., Eastern Dist. of La., 1991 WL 195473, Judge Duplantier construed art. 2324, as amended in 1987, and held under similar facts that: "Because neither Paragraph A nor `as otherwise provided by law' is applicable, the liability for damages caused by two or more persons (Phillips and Kerr McGee) shall be solidary only to the extent necessary for the (plaintiff)to recover fifty percent of the recoverable damages ... regardless of (Kerr McGee's) immunity by statute as plaintiff's employer."
Obviously, Judge Duplantier thought the 1987 amendment is clear, and means what it says. After the 50%, two tortfeasors are liable jointly, "and a joint tortfeasor shall not be solidarily liable with any other person... regardless of such other person's... immunity by statute or otherwise". How can it be more clear?
The majority does not suggest how the language of the 1987 amendment is ambigious. They say only that it does not specifically require consideration of employer fault. In my view, the statute specifically requires that after 50% "the liability for damages caused by two or more persons shall be a joint, divisible obligationregardless of such other person'simmunity by statute or otherwise." Clearly, this covers all immune persons, including employers who are immune by statute.
The trial judge and the majority rely on Professor David Robertson, "The Louisiana Law of Comparative Fault: A Decade of Progress," Vol 1., La. Practice Series, published in 1991 by the La. Judicial College. The Professor, using tables and charts, sets forth situations involving different percentages of fault by the plaintiff, the defendant tortfeasor and the employer, and *920 concludes it will sometimes be inequitable to the plaintiff and sometimes to the defendant, to quantify employer fault. So he recommends ignoring completely employer fault.
If we do consider policy, the 1987 amendment is fair to plaintiff and the third party tortfeasor. Allowing a third party tortfeasor credit for an employer's negligence is obviously fair under comparative fault principles. The plaintiff maintains his right to recover worker's compensation from the employer. Additionally, a fault free plaintiff can recover 50% of his damages from a tortfeasor who is only 1% at fault. One obvious weakness in ignoring employer fault is the situation where the plaintiff is fault free, the employer 99% at fault and the tortfeasor 1% at fault. The tortfeasor would have to pay 100% of plaintiff's damages.
However, I do not rely on the equities. It is my view that the legislature has considered all of the equities and has made a policy decision which is clearly and unambigiously stated in the 1987 amendment.
For the reasons stated, I respectfully dissent in part.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.