United States Court of Appeals,

Fifth Circuit.

No. 92-3741.

Alastair WASHINGTON, Plaintiff-Appellant,

v.

DEPARTMENT OF TRANSPORTATION, et al., Defendants,

Shop-Vac Corporation, Defendant-Appellee.

Nathaniel THOMAS, Plaintiff,

v.

SHOP-VAC CORPORATION, Defendant-Appellee.

Dec. 6, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WIENER and EMILIO M. GARZA, Circuit Judges, and LITTLE,[*] District Judge.

EMILIO M. GARZA, Circuit Judge:

Alastair Washington brought a products liability suit against Shop Vac Corporation ("Shop Vac"), seeking damages for injuries he sustained when a spark from a Shop Vac vacuum ignited acetone vapors in the freshwater tank of a ship where Washington was working. Washington claimed that Shop Vac's failure to provide an adequate warning label on its vacuum was a proximate cause of his injuries. The district court, sitting in diversity, entered judgment for Shop Vac in accordance with the jury's answers to two special interrogatories. On appeal, Washington contests several of the district court's evidentiary rulings. Finding no reversible error, we affirm.

I

On December 28, 1989, Washington and Nathaniel Thomas were working on board the United States Coast Guard Cutter M/V POINT BARNES, as employees of Ocean Technical Services ("OTECH"). Their supervisor, James McDonner, a superintendent for OTECH, had told them to remove paint from the walls of a freshwater tank with the use of acetone and rags. To collect the

[*]District Judge of the Western District of Louisiana, sitting by designation.

paint peelings loosened by the acetone, Thomas used a Shop Vac wet-dry vacuum cleaner. OTECH owned the vacuum cleaner and furnished it to Washington and Thomas for use on the job. Affixed on the black plastic power-head of the Shop Vac vacuum was a black warning label which provided:

> Warning. To avoid electrical shock, do not expose to rain. Store indoors to avoid personal injury or property damage. Do not pick up flammable, combustible or hot materials. Do not use around explosive liquids or vapors.... Read owners manual and safety rule before operating or attempting repairs.

The owner's manual to the Shop Vac vacuum also warned against using the vacuum in the presence of explosive vapors. When Thomas turned on the Shop Vac vacuum, the resulting sparks ignited the acetone vapors, causing severe injuries to both Thomas and Washington.[1]

Washington brought suit in federal district court against Shop Vac, pursuant to La.Rev.Stat.Ann. §§ 9:2800.54, 2800.57 (West 1991), claiming that Shop Vac failed to provide an adequate warning of the dangers of using such a product in the presence of explosive vapors.[2] Section 9:2800.54 provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous." A product is unreasonably dangerous under § 9:2800.57 because "an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic."

At trial, Washington offered no evidence contesting the adequacy of the warning in the owner's manual. Thus, the only issues before the jury were whether the content and design of the black-on-black warning label was adequate and whether any inadequacy in the design of the warning label proximately caused Washington's accident. In its answers to two special interrogatories, the jury

---

[1] Washington later testified that he neither saw the warning label on the vacuum nor was provided with the owner's manual by his employer. McDonner testified that despite knowing of the dangers of using power equipment in the presence of acetone fumes, he failed to relay this knowledge to either Washington or Thomas.

[2] The district court had diversity jurisdiction over this action as Washington was a resident of Louisiana and Shop Vac was a foreign corporation. The district court properly applied Louisiana substantive law because Louisiana was the forum state. *See Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n, Inc.,* 783 F.2d 1234, 1238 (5th Cir.1986) (applying substantive law of forum state to diversity suit).

found neither an inadequate warning nor proximate cause. In accordance with the jury's answers, the district court entered judgment for Shop Vac, from which Washington timely appealed. He specifically contends that the district court erred in: (a) admitting evidence of OTECH's fault; (b) excluding the testimony of Thomas as to what he would have done had he seen the warning label on the Shop Vac vacuum; and (c) excluding evidence of alternative warnings on other products.[3]

## II

## A

Washington first contends that the district court erred in admitting evidence of the fault of OTECH, a statutorily immune employer. Under La.Civ.Code art. 2324 (West Supp.1993), "a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, ... regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise."[4] Pursuant to this article, the district court admitted evidence of OTECH's fault so that the jury could quantify and apportion such fault. Citing the Louisiana Court of Appeals decision in *Gauthier v. O'Brien,* 606 So.2d 915 (La.App. 3 Cir.1992), *rev'd,* 618 So.2d 825 (1993), Washington argues that OTECH's fault cannot be assessed under article 2324 because OTECH's liability is governed by the Louisiana worker's compensation scheme, a separate body of law from the state's tort (product liability) statutes. In *O'Brien,* the court held that extending article 2324 to employers immune under the worker's compensation statutes would "violate the compensation principle by implication."[5] We review a district court's evidentiary rulings for abuse

---

[3]Washington also contends that we should disregard the jury's finding of no proximate cause. Because we do not rely upon that finding in affirming the district court's judgment, we do not address the issue.

[4]Article 2324 was amended in 1987 to reflect the termination of solidary liability between joint tortfeasors, including those statutorily immune from liability. Washington's injuries occurred in 1989, long after the 1987 amendment's effective date.

[5]*O'Brien,* 606 So.2d at 917 (citing *Guidry v. Frank Guidry Oil Co.,* 579 So.2d 947 (La.1991), *overruled by,* 618 So.2d 825 (1993)). In *Guidry,* the court addressed the conflict between a scheme of comparative negligence and an employer's tort immunity under a worker's compensation scheme, stating:

> In the employee/employer bargain of a worker's compensation scheme, the employer surrenders the possibility of tort recovery for the certainty of

of discretion, and will reverse a judgment on the basis of an evidentiary ruling only where the challenged ruling affects a substantial right of a party.[6]

The Louisiana Court of Appeals decision Washington cites is no longer valid in light of the Louisiana Supreme Court's recent decision in *Gauthier v. O'Brien,* 618 So.2d 825 (La.1993), which reversed the lower court's decision in the same action. The Supreme Court held in *Gauthier* that article 2324, as amended in 1987, *requires* that fault of the employer be assessed in apportioning fault for an employee's injury in an action against third-party tortfeasors, even though the employer is immune from tort liability under the Louisiana workers' compensation scheme.[7] We therefore find no abuse of discretion in the district court's admission of evidence relating to OTECH's fault, and consequently reject Washington's first contention on appeal.

B

Washington next contends that the district court erred in refusing to allow Thomas to testify as to what he would have done had he seen the warning label on the Shop Vac vacuum. Thomas's testimony was being offered to show that the inconspicuousness of the warning label caused Washington's injuries. In a diversity action, we apply federal procedural law, such as the Federal Rules of Evidence.[8] Under the Federal Rules of Evidence, speculative opinion testimony by lay

---

compensation and the employer receives tort immunity in exchange for paying compensation. The claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in a common liability. The compensation principle is independent of fault.

*Guidry,* 579 So.2d at 953 (citation omitted) (attribution omitted) (relying upon pre-1987 version of article 2324).

[6]*See* Fed.R.Evid. 103(a); *Sullivan v. Rowan Companies, Inc.,* 952 F.2d 141, 146 (5th Cir.1992); *Jones v. Benefit Trust Life Ins. Co.,* 800 F.2d 1397, 1400 (5th Cir.1986).

[7]*See Gauthier,* 618 So.2d at 831 ("We overrule *Guidry* ... in so far [it] preclude[s] the assessment of employer fault. Specifically, we find that the assessment of employer fault is made mandatory by the 1987 amendment to La.Civ.Code art. 2324 ... and to that extent *Guidry* ... [is] no longer the law.").

[8]*See* Fed.R.Evid. 101; *Morris v. Homco Intern., Inc.,* 853 F.2d 337, 341 (5th Cir.1988) (stating that "diversity cases in federal court are ... governed by federal, not state, rules of evidence"); *see also Hanna v. Plummer,* 380 U.S. 460, 473-74, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965).

witnesses—i.e., testimony not based upon the witness's perception—is generally considered inadmissible.[9] At trial, Thomas attempted to testify as to what he *would have done* had he seen the warning label on the Shop Vac vacuum. Because such testimony would not have been based upon Thomas's perception, but upon his self-serving speculation, we hold that the district court did not abuse its discretion in excluding this evidence.[10]

C

Lastly, Washington contends that the district court erred in excluding evidence of alternative warning found on a Dayton dry vacuum cleaner, a Sears wet-dry vacuum cleaner, and various other products, such as a power sander and gas pump. The district court excluded most of this evidence, presumably because Washington had not shown that the other products were similar to the Shop Vac vacuum in their function and intended market. Assuming *arguendo* that the district court's evidentiary ruling was erroneous, such error could not have affected any substantial right of Washington because Shop Vac owed *no* duty to provide OTECH's employees an adequate warning. In *Davis v. Avondale Indus., Inc.,* 975 F.2d 169 (5th Cir.1992), we addressed the issue of whether a manufacturer has a duty under Louisiana law to provide an adequate warning to an employee of a sophisticated purchaser.[11] Although no Louisiana case had clearly addressed the issue, we held that "Louisiana courts would likely hold that ... the product manufacturer owes no duty to the *employee* of a purchaser if the manufacturer provides an adequate warning of any inherent dangers to the

---

[9]Fed.R.Evid. 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

[10]*See Kloepfer v. Honda Motor Co., Ltd.,* 898 F.2d 1452, 1459 (10th Cir.1990) (citing Fed.R.Evid. 701(a) for its conclusion that speculative lay testimony by the plaintiff—as to whether she would have obeyed a warning—was properly excluded because such testimony would not have been based on the witness's perception.); *see also* Fed.R.Evid. 701 Note ("If ... attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by this rule.").

[11]The parties do not dispute that OTECH, through its superintendent McDonner, purchased the Shop Vac vacuum for the use of its employees.

purchaser or if the purchaser has knowledge of those dangers and the duty to warn its employees thereof."[12]  Applying *Davis* to the facts developed at trial, we think it clear that Shop Vac owed no duty to provide OTECH's employees an adequate warning.  McDonner testified that he knew of the dangers of using power equipment, such as the Shop Vac vacuum, in the presence of acetone vapors. He further acknowledged that under certain Occupational Safety Health Administration ("OSHA") regulations,[13] he had the duty to warn Washington and Thomas of those dangers.[14]  We therefore hold

---

[12]*Avondale,* 975 F.2d at 173 (citing cases).

[13]*See* 29 C.F.R. § 1926.30 (stating that ship repairing and maintenance performed on ships under Government contract is work subject to OSHA, specifically 29 C.F.R. § 1915).  Section 1915.99 provides:

> This section requires chemical manufacturers or importers to assess the hazards of chemicals which they produce or import, and *all employers to provide information to their employees about the hazardous chemicals to which they are exposed,* by means of a hazard communication program, labels and other forms of warning, material safety data sheets, and information and training.

29 C.F.R. § 1915.99(b)(1) (emphasis added).

[14]McDonner testified as follows:

> Q. That sentence that says "keep away from heat, sparks and open flames," isn't it true, Mr. McDonner, that that provision of the [material safety data sheet] means that you don't take any power equipment or things of that nature in and around an acetone environment where the fumes are concentrated in an enclosed area, correct?
>
> A. That's correct.
>
> Q. And isn't it also true, Mr. McDonner, that you're required under OSHA regulations to take this material safety data sheet and make this information available to your employees, isn't that true?
>
> A. Yes, sir.
>
> Q. Okay.  And that information would include that sentence which says "keep away from heat, sparks and open flame," correct?
>
> A. Correct.
>
> Q. And isn't it true, Mr. McDonner, that you didn't say anything to Nathaniel Thomas or Alastair Washington about the dangers of using power equipment in the area of acetone?
>
> A. No, sir.  I set forth a specific job and told them what I wanted them to do and that was it.

that Shop Vac owed no duty to provide an adequate warning to the employees of a sophisticated purchaser such as OTECH. Consequently, any error in the exclusion of evidence offered to show the inadequacy of the warning on the Shop Vac vacuum did not affect any substantial right of Washington.

III

For the foregoing reasons, we AFFIRM.

---

Q. My question is, Mr. McDonner, you didn't tell them that using power equipment, to use your words, in an acetone environment is a no-no?

A. No. I gave them a specific job and I didn't—I set forth guidelines and that was it.

Record on Appeal vol. 5, at 337-38.