*Thompson v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*,
> ALISON J. NATHAN,*
> > *District Judge.*

_____

Addison Thompson,

> *Plaintiff-Appellant*,

_____

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

v.                                                18-2608

United States of America, United States
Postal Service, Station Manager,

*Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:                    Addison Thompson, *pro se*,
                                            New York, NY.


FOR DEFENDANTS-APPELLEES:                   Rachel L. Doud, Assistant
                                            United States Attorney
                                            (Benjamin H. Torrance,
                                            Assistant United States
                                            Attorney, *on the brief*), *for*
                                            Geoffrey S. Berman, United
                                            States Attorney for the
                                            Southern District of New York,
                                            New York, NY, *for Defendants-*
                                            *Appellees* United States of
                                            America, United States Postal
                                            Service, Station Manager.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Katherine P. Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is

**AFFIRMED**.

Appellant Addison Thompson, proceeding *pro se*, appeals the district court's judgment dismissing his complaint under Federal Rule of Civil Procedure 12(b)(1). Liberally construed, Thompson claimed that the United States, the United States Postal Service ("USPS"), and the Station Manager (collectively, the "Government") violated his rights under the Visual Artists Rights Act ("VARA"), the Administrative Procedure Act ("APA"), and the Federal Tort Claims Act ("FTCA") by damaging a mural project he created and removing it from a post office. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(1). *See Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007). Dismissal of a complaint for lack of subject matter jurisdiction is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Contrary to Thompson's assertion, a district court may dismiss a *pro se* complaint under Rule 12(b)(1) for lack of jurisdiction. *See, e.g.*, *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (affirming Rule 12(b)(1) dismissal of *pro se* complaint); *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 413–14 (2d Cir. 1999) (citing the liberal construction standard described

in *Haines v. Kerner*, 404 U.S. 519 (1972), but nevertheless affirming Rule 12(b)(1) dismissal of claims against state defendants because they were immune from suit). *Haines* does not dictate otherwise; it held that a *pro se* complaint must be construed liberally, but not that a *pro se* complaint could never be dismissed. *Haines*, 404 U.S. at 520.[1] Here, the district court properly construed Thompson's complaint liberally, attempting to find the strongest claims it suggested by considering several laws that could be relevant to his claims.

## I. VARA

VARA, a provision of federal copyright law, is intended to protect an artist's "moral rights," including a right to protect the artwork from destruction. 17 U.S.C. § 106A; *see Carter v. Helmsley-Spear, Inc.*, 71 F.3d 77, 81–83 (2d Cir. 1995) (describing history and purpose of VARA). VARA "supplements general copyright protection," and courts look to other provisions of federal copyright law to determine whether VARA applies to a particular case. *Kelley v. Chi. Park Dist.*,

---

[1] *Haines* relied on the "no set of facts" pleading standard announced in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). *Conley* has been overruled by the plausibility standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, *Twombly* did not affect *Haines*'s ruling about *pro se* pleadings, and we continue to construe *pro se* pleadings liberally. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

635 F.3d 290, 299 (7th Cir. 2011); *see also Carter*, 71 F.3d at 83.   Further, VARA is

expressly incorporated into the copyright law's liability provision, which states:

> Anyone who violates any of the exclusive rights of . . . the author as
> provided in section 106A(a) [VARA] . . . is an infringer of the
> copyright or right of the author, as the case may be.   For purposes of
> this chapter (other than section 506), any reference to copyright shall
> be deemed to include the rights conferred by section 106A(a).   As
> used in this subsection, *the term "anyone" includes any State, any*
> *instrumentality of a State, and any officer or employee of a State or*
> *instrumentality of a State acting in his or her official capacity*.   Any State,
> and any such instrumentality, officer, or employee, shall be subject to
> the provisions of this title in the same manner and to the same extent
> as any nongovernmental entity.

17 U.S.C. § 501(a) (emphasis added).[2]

The district court correctly held that the Government (including the USPS

specifically) is not liable under VARA.   Generally, "the United States, its agencies,

and its employees (when functioning in their official capacities) are immune from

---

[2] Although VARA is expressly incorporated into this provision of copyright law, it is not incorporated into 28 U.S.C. § 1498, which waives the government's sovereign immunity to suits by copyright owners.   *See Kammeyer v. U.S. Army Corps of Eng'rs*, No. EDCV 15-869, 2015 WL 12765463, at *3–5 (C.D. Cal. Oct. 9, 2015).   In any event, even if the § 1498 waiver applied, the district court would have lacked jurisdiction because § 1498 provides that copyright actions against the government must be brought in the Court of Federal Claims.   28 U.S.C. § 1498(b); *see also* Order at 6–7, *Twitchell v. W. Coast Gen. Corp.*, No. 06-cv-4857 (C.D. Cal. Feb. 8, 2008), ECF No. 122 ("*Twitchell* Order").

suit based on the principle of sovereign immunity."[3]   *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010).   In deciding whether the United States or its agencies are liable under a federal statute, courts conduct a two-step inquiry and determine: (1) "whether there is a waiver of sovereign immunity for actions against the" United States or the agency in question and (2) whether the substantive provisions of the federal statute apply to the United States or the agency in question.   *USPS v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 743 (2004). At the first step, the district court correctly determined that the USPS has waived sovereign immunity.   *See* 39 U.S.C. § 401(1); *Flamingo*, 540 U.S. at 744. Nevertheless, as the district court determined, VARA does not apply to the government or its agencies by the plain language of its liability provision.   *See* 17 U.S.C. § 501(a) (defining "anyone" to include state entities but failing to mention federal entities); *see also Flamingo*, 540 U.S. at 744–48 (holding that a provision of antitrust law, which applied to any "person" including states and foreign

___

[3] The USPS is an "independent establishment" of the Government and subject to sovereign immunity.   *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004).

governments, did not apply to the government or USPS).[4]

Thompson's argument that VARA applies to the Government because the statute refers to "any State" and "anyone" is unavailing, as courts have consistently held that statutes applying to "state" actors and/or to "any person" do not apply to the federal government. *See, e.g.*, *Flamingo*, 540 U.S. at 744–47; *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780–81 (2000) (holding that a statute that subjects "[a]ny person" to liability did not apply to sovereigns); *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) (noting that 42 U.S.C. § 1983, which provides a cause of action against "state actors," does not provide relief against federal government actors). And the various cases Thompson cites do not suggest otherwise; they primarily focus on the merits of a VARA claim and, with the exception of *Twitchell*, do not concern federal

---

[4] Congress partially overruled *Flamingo*'s holding when it passed the 2006 Postal Accountability and Enhancement Act ("PAEA"), which amended the Postal Reorganization Act so that the USPS could be sued under antitrust law in certain situations. 39 U.S.C. § 409(d)(2), (e)(1); *see Tog, Inc. v. USPS*, No. 12-cv-1946, 2013 WL 3353883, at *2 (D. Colo. July 3, 2013). The PAEA did not, however, specify that the USPS could be sued under VARA. And no other provision of law expressly holds that VARA applies to the USPS or the government. *See* 39 U.S.C. § 410(b) (outlining various federal laws that apply to the USPS).

7

defendants. [5] The Government and the USPS are therefore immune from Thompson's claims under VARA, and the district court properly dismissed those claims.

## II. APA

Under the APA, an agency may not act in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). The APA waives the sovereign immunity of the government and federal agencies.[6] 5 U.S.C. § 702. However, that waiver does not apply where "any other statute . . . expressly or impliedly forbids the relief which is sought." *Id.* The Postal Reorganization Act expressly forbids suit against the USPS under the APA where the USPS acts within its powers. 39 U.S.C. § 410(a) (stating that certain federal laws, including the APA, do not "apply to the exercise of the powers of the Postal Service"); *see also Mittleman v. Postal Regulatory Comm'n*, 757

---

[5] Thompson does not cite to a particular order in *Twitchell*'s docket in support of his arguments. However, review of the available orders does not support his arguments; critically, in that case, the district court dismissed an artist's VARA claim against the government based on sovereign immunity, holding that the FTCA's waiver of immunity did not apply to VARA. *See Twitchell* Order at 6–7.

[6] Significantly, "the APA does not waive sovereign immunity for money damages claims . . . [which] fall[] outside the scope of the APA." *Ward v. Brown*, 22 F.3d 516, 520 (2d Cir. 1994).

8

F.3d 300, 305 (D.C. Cir. 2014) (collecting cases holding that the USPS is exempt from suit under the APA). Here, as the district court correctly held, the USPS's actions in moving post office locations and taking down the artwork clearly fall within its enumerated power to "maintain buildings, facilities, equipment, and other improvements on any property owned or controlled by it." 39 U.S.C. § 401(6). The district court thus lacked jurisdiction over any APA claim.

## III. FTCA

The FTCA also provides a limited waiver of the government's sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing suit under the FTCA, a plaintiff must exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of accrual of the injury. 28 U.S.C. § 2401(b); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). A plaintiff has properly exhausted an FTCA claim against the USPS when

> the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred

9

by reason of the incident. A standard Form 95 may be obtained from the local District Tort Claims Coordinator, the National Tort Center, or online at usa.gov (select Government forms).

39 C.F.R. § 912.5(a) (emphasis added). A district court lacks subject matter jurisdiction if the plaintiff failed to exhaust his FTCA claims. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Thompson failed to allege proper exhaustion. Although he asserts that he communicated with USPS officials from 2013–2017, he never alleged that he sought money damages in any of those communications. Because Thompson discovered the removal and damage to the project in 2014 at the latest, the two-year period for exhaustion expired in 2016 and any tort claim resulting from that damage is "forever barred." 28 U.S.C. § 2401(b). And, as the district court correctly determined, Thompson did not allege any extraordinary circumstance that might warrant tolling of the exhaustion period. Finally, Thompson's argument on appeal that the Rehabilitation Act and the Americans with Disabilities Act ("ADA") do not require exhaustion is inapposite; although the exhaustion requirement for a plaintiff raising *discrimination* claims arising under those statutes may be waived, those statutes have no bearing on the FTCA's

10

exhaustion requirement.[7]

## IV. New Claims

For the first time on appeal, Thompson raises claims under the Rehabilitation Act, the ADA, and the Takings Clause of the Constitution. We decline to decline to consider those claims. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (cleaned up)).

## V. Leave to Amend

Finally, the district court properly denied Thompson leave to file an amended complaint. Denials of leave to amend based on futility are reviewed *de novo*. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Typically, a *pro se* plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," but leave to amend need not be granted where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal

---

[7] ADA and Rehabilitation Act plaintiffs are required to exhaust their claims, although exhaustion is not jurisdictional under those statutes and may be waived. *See Boos v. Runyon*, 201 F.3d 178, 181–84 (2d Cir. 2000) (Rehabilitation Act); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (ADA).

11

quotation marks and citation omitted). Here, the deficiencies of the complaint –

lack of jurisdiction and failure to exhaust the FTCA claims within two years –

could not be cured.

We have considered all of Thompson's remaining arguments and find them

to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court